# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DAVID L. JOHNSON**
**United States Army, Appellant**

ARMY 20160249

Headquarters, U.S. Army Garrison and Fort Meade
Andrew Glass and Tyesha Smith, Military Judges
Lieutenant Colonel Jonathan E. Cheney, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Matthew L. Jalandoni, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Major Michael E. Korte, JA (on brief).

2 February 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A general court-martial composed of a military judge convicted appellant, pursuant with his pleas, of one specification each of wrongfully selling a fuel card, wrongfully appropriating a motor vehicle, and wrongfully stealing fuel, all the property of the United States Government, in violation of Articles 108 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 908, 921 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for twenty months. Appellant's pretrial agreement limited the confinement that the convening authority could approve to eighteen months.

Consistent with the advice of his staff judge advocate (SJA) contained in the Addendum, but *contrary* to the terms of the pretrial agreement, the convening authority approved the adjudged sentence of twenty months confinement. That is, the staff judge advocate's legal advice and recommendation (SJAR) was for the

convening authority to violate the terms of the pretrial agreement and to confine appellant for an additional two months.

The government concedes the error.

Appellant asks this court to return to the case to the convening authority for correction. Citing our superior court's decision in *United States v. Peron*, 58 M.J. 78 (C.A.A.F. 2003), appellant specifically rejects this court providing relief by reducing appellant's sentence to eighteen months. We find *Peron* to be unpersuasive. In *Peron*, the convening authority failed to abide by the pretrial agreement as understood by the parties at the time. Specifically, the pretrial agreement anticipated and provided for waived forfeitures being paid to appellant's dependents. *Id*. at 89. Because appellant was in a no-pay status after the conclusion of his court-martial his dependents received nothing. *Id*. The CAAF held that the *alternative* relief of setting aside the confinement did not remedy the lack of specific performance. *Id*.

We agree with appellant that neither the convening authority nor this court can, without appellant's consent, provide alternative relief in lieu of the specific performance of a pretrial agreement term. However, as this case involves only affirming a lesser amount of confinement than that which was approved by the convening authority, we can provide appellant with specific performance.

## CONCLUSION

The findings of guilty are AFFIRMED. We AFFIRM only so much of the sentence as provides for a bad-conduct discharge and eighteen months confinement. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court